IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXIA BURNO-WHALEN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. GLS-15-0564 |
| | : | |
| STATE OF MARYLAND, et al. | : | |
|     Defendants. | : | |
| | : | |

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Alexia Burno-Whalen, by and through her counsel, Michael E. Lawlor, William C. Brennan, Jr., and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., hereby respectfully files this opposition to the Defendants Motion to Dismiss Amended Complaint, or in the alternative, Motion for Summary Judgment, docketed at ECF No. 125. Plaintiff hereby incorporates the arguments and facts presented to the Court in its opposition to the Defendants' prior Motions to Dimiss and/or Motions for Summary Judgment, docketed at ECF Nos. 19 and 104.

Additionally, in support of this opposition, Plaintiff states as follows:

### Introduction

Prior to the completion of discovery in this case, Defendants filed, as they have now, a Motion to Dismiss or in the alternative, for Summary

1

Judgment. Then, as they have now, Defendants argued that no disputed facts existed in the case, that the actions of the officers were justified and that the case should be dismissed. *See* ECF Nos. 9 and 94.

After replies and responses were filed in conjunction with Defendants' original Motion, Judge George J. Hazel (to whom the case was assigned), issued a Memorandum Opinion and Order denying the Defendants' Motion. ECF No. 30. Germane to the arguments Defendant argues at this time, Judge Hazel ruled that:

1. Genuine issues of material fact exist that prevent summary judgment on the battery and false arrest claim as the parties had presented opposing views of the events that led up to Plaintiff's arrest and her injury.

2. Genuine issues of material fact exist that prevent summary judgment on the § 1983 claims. For the same reason, the existence of disputed facts, qualified immunity is a jury issue.

While discovery is now complete in this case, nothing has altered that legal state. At issue is a basic dispute with two opposing recitations of fact. For the reasons stated in this opposition, and those presented previously in ECF Nos. 19 and 104, Ms. Burno-Whalen respectfully asks this Court to deny the Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment.

## Relevant Facts

Ms. Burno-Whalen alleges, as she has all along, that on the day in question, she left her shift working at a nightclub and was driving to her sister's home near Forrestville, Maryland. (Ex. A, at 1; *See* Deposition of AlexiaBurno-Whalen, attached as Ex. B at pp. 9-11.). She had begun work at 10:00 p.m. on February 25, 2012, and concluded at 6:00 a.m. the following morning. While driving, another driver attempted to pass Plaintiff on the shoulder and collided with the right front passenger side of Ms. Burno-Whalen's vehicle. (Ex. A, at 1; Ex. B, at 30). Both cars stopped and the other driver called the police. (*See* Ex. A, at 1). Plaintiff waited in her vehicle for the police to arrive. (Ex. A, at 1). When Officer Okafor did arrive, he ordered Plaintiff out of the car. (Ex. A, at 1; Ex. B, at 39). Without giving her any field sobriety tests, Ofc. Okafor attempted to administer a preliminary breath test, while screaming at her to blow harder into the device. (Ex. A, at 1-2; Ex. B, at 44-45). He then arrested her and put her in his cruiser. (Ex. A, at 2).

Upset at having been arrested without cause, Plaintiff exhibited her emotions during this car ride. Upon arriving at the barracks, a video from the inside of the cruiser shows Ofc. Okafor forcefully and angrily yank Plaintiff from the cruiser. (*See* In Dash Camera, attached to ECF No. 125, Ex.

9). While the remainder of the dashboard cam video does not show the participants, the audio reflects that after exiting the vehicle, Plaintiff can be heard shouting "you knocked my teeth out." (ECF No. 125, Ex. 9). This reaction was due to Ofc. Okafor hitting Ms. Burno Whalen in the mouth with a metal baton. (Ex. A, at 2). Thereafter, Ofc. Hobbs restrained her by placing her in a hog tie where she remained for more than forty minutes. (Ex. A, at 2; Ex. B, at 71-74).

## Law Relevant to Summary Judgment

A judgment under Rule 56 (c) may be entered where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." The Court's role under Rule 56 is narrowly limited to assessing the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986). Thus, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *See, Hunt v. Cromartie*, 526 U.S.

541, 550-55 (1999); *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992).

## This Court should deny Defendants' Motion

For the reasons stated in ECF Nos. 19 and 104, and those stated in Judge Hazel's Memorandum Opinion (ECF No. 30) the Court should deny the defendants' motion to dismiss/motion for summary judgment. Defendants' arguments are a regurgitation of issues already decided in this case and the decision at this time should be the same.

Namely, as Judge Hazel concluded then, a reasonable jury could believe that Officers Okafor and Hobbs used excessive force at the time of and following her arrest. The dashcam video in this case (ECF No. 125, Ex. 9); as well as Plaintiff's assertions that she was hit in the mouth with a baton (Ex. A; Ex. B, at 54, 60, 65-69), after being slammed on the ground, and then hog-tied, a reasonable jury could conclude both that Plaintiff was battered and that her §1983 claim should be resolved by a jury. The Plaintiffs' assertion that Officer Okafor was engaged in normal incidents and procedures for arrest is belied by Plaintiff's sworn statement that she was struck in the face while handcuffed and not attempting to flee or escape. The same is true for Officer Hobbs' claim that his actions placing Ms. Burno-Whalen in

restraints were justified, as Ms. Burno-Whalen denies that she resisted arrest or that she was being otherwise aggressive. (Ex. A).

In regard to qualified immunity, Judge Hazel correctly noted, qualified immunity exists only when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ECF No. 30 at p. 10 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The Court also noted that "disputes of material fact may preclude a finding by the Court about whether qualified immunity applies, and instead convert the inquiry into a question for the trier of fact." *Id.* (quoting *Shoemaker v. Smith*, 725 A.2d 549, 561 (Md. 1999)).

Moreover, in *DiPino v. Davis*, 354 Md. 18 (1999), the Maryland Court of Appeals stated that "[i]n *Cox v. Prince George's County*, 296 Md. 162, 460 A.2d 1038 (1983), we made clear that a police officer, who might otherwise have the benefit of this immunity, does not enjoy it if the officer commits an intentional tort or acts with malice." Thus, under Maryland law, there is no immunity for intentional torts, such as malicious prosecution and false imprisonment/false arrest, alleged in this action.

Here, as noted, Plaintiff alleges that she was hit in the face with a metal baton. Defendants deny this. Since a reasonable jury could credit either account, summary judgment is inappropriate.

Likewise, pertaining to the claim of false arrest, Judge Hazel noted that Plaintiff denied (as she still does) exhibiting any effects of alcohol or being given any filed sobriety tests that might have indicated whether Plaintiff was, in fact, under the influence. Ms. Burno-Whalen maintains that she did not commit any traffic infraction and that she did not cause the accident that occurred in this case. (Ex. A). Furthermore, Ms. Burno-Whalen did not exhibit any signs of driving under the influence of alcohol (her eyes were not red, there was no odor of alcohol on her breath, her speech was not slurred, she was not unsteady on her feet, etc.). (Ex. A). In addition, Officer Okafor did not even ask Ms. Burno-Whalen how the accident had occurred, or perform any field sobriety tests in this case. (Ex. A; Ex. B, at 39).

Under these circumstances, absent exhibiting signs of intoxication or evidence from a sobriety test, Plaintiff maintains that her arrest was unlawful. A clear dispute of fact remains, and thus summary judgment should be denied.

Finally, Defendants claim the doctrine of *repondeat superior* is inapplicable here is misplaced and was discussed and rejected by Judge Hazel. While a claim that requires a showing of gross negligence or malice cannot survive, since a jury here could conclude that the officers acted with malice, gross negligence, or ordinary negligence summary judgment should

be denied. As Maryland's Tort Claims Act contains exceptions that could apply here, as just noted, Defendants' request for summary judgment should be denied.

## CONCLUSION

Summary judgment is a drastic remedy. Summary judgment is only appropriate when the Court, viewing the record as a whole in the light most favorable to the non-moving party, determines that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986). Based upon the foregoing, and the record as a whole, the arguments and case law presented in Plaintiff's prior response (ECF Nos. 19) and the reasoning in Judge Hazel's Memorandum Opinion (ECF No. 30) the Court should deny the defendants' motion for summary judgment.

Respectfully submitted,

*Michael Lawlor*
_____
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 9, 2019, a copy of the foregoing was provided to counsel for the Defendants, via electronic service and first-class mail to:

Phillip M. Pickus
Assistant Attorney General
1201 Reisterstown Road
Pikesville, Maryland 21208
Phillip.pickus@maryland.gov

*Counsel for the State of Maryland,
TFC Okafor and TFC Hobbs*

             *Michael Lawlor*
             _____
             Michael E. Lawlor